UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL E. WEBB,

    Petitioner,

    v.

BEN CURRY, warden,

    Respondent.

                            /

No. C 09-054 MHP (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Samuel E. Webb, a pro se prisoner, has filed a petition for writ of habeas corpus challenging a 2006 parole denial. Now before the court for consideration is respondent's motion to dismiss the petition as untimely. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Webb was convicted in Los Angeles County Superior Court of second degree murder and was sentenced to 15 years to life in prison. His habeas petition does not challenge his conviction but instead challenges a June 15, 2006 decision of the Board of Parole Hearings ("BPH"), that found him not suitable for parole. The BPH's decision became final on October 13, 2006. Petition, Exh. A, 6/15/06 RT 100.

Webb filed several state petitions for collateral review before filing this action.

Webb filed his first state habeas petition in the Los Angeles County Superior Court. That petition was filed on April 23, 2007, and denied on September 13, 2007.

Webb filed his second state habeas petition in the California Court of Appeal. That petition was filed on February 14, 2008, and denied on February 28, 2008.

Webb filed his third state habeas petition in the California Supreme Court. That petition was filed on May 18, 2008, and denied on October 22, 2008.

Next, Webb filed this action. The petition has a December 22, 2008 proof of service, the envelope it arrived in has a December 23, 2008 postmark, and the petition was stamped "filed" at this court on January 7, 2009. Due to Webb's status as a prisoner proceeding pro se, he receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court rather than the day the document reaches the courthouse. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). For purposes of the present motion, each of his petitions is deemed filed on the day he signed it, on the assumption that he gave each one to prison officials to mail on the day he signed it except where the proof of service shows a later date should be used.

## DISCUSSION

A petition for writ of habeas corpus filed by a state prisoner must comply with the statute of limitations in 28 U.S.C. § 2244(d). Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges an administrative decision rather than a state court judgment. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). Although the statute of limitations period has four possible starting dates, § 2244(d)(1)(D) usually applies to prisoners challenging administrative decisions such as parole denials, i.e., the limitation period starts on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The one-year limitations period begins on the date the administrative decision becomes final. See Shelby, 391 F.3d at 1066 (limitation period began the day after prisoner received timely notice of the denial of his administrative appeal challenging disciplinary decision); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole). The "factual predicate" of the habeas claims is the finality of the

2

adverse administrative decision, and not the denial of the state habeas petition. See id. at 1082.

The BPH's decision denying parole for Webb became final on October 13, 2006. As Redd explains, the limitations period begins for a prisoner challenging an administrative decision begins when that decision becomes final, rather than when the state collateral review of the decision is finished. The limitations period started on October 14, 2006, and the presumptive deadline for Webb to file his federal habeas petition therefore was October 14, 2007.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A prisoner challenging an administrative decision can receive statutory tolling for the period when state habeas petitions are pending. See Redd, 343 F.3d at 1084. Tolling is available for the intervening period between state habeas petitions but only when the petitioner files the later state habeas petition "within what California would consider a 'reasonable time.'" Evans v. Chavis, 546 U.S. 189, 198 (2006); see Carey v. Saffold, 536 U.S. 214, 219-20 (2002).

Webb receives some statutory tolling for the pendency of his state court challenges, but not enough to make his federal petition timely. Specifically, the limitations period was tolled from April 23, 2007 through September 13, 2007, when his petition was on file in the Los Angeles County Superior Court. Before Webb filed that petition, 191days of the limitations period had passed. After the superior court denied his petition on September 13, 2007, the clock resumed ticking and he had 174 days to get to federal court. For the reasons explained below, he does not receive statutory tolling for the 153-day gap between the denial of the superior court petition and the filing of his second petition in the California Court of Appeal on February 14, 2008 because he delayed too long in getting to that court and it was an unjustified delay. He does, however, receive tolling for the 14 days during which his petition was on file in the California Court of Appeal. After the state appellate court denied

3

his petition on February 28, 2008, the clock resumed ticking and he had 21 days (or until March 21, 2008) to get to federal court because 344 days (consisting of the 191 days before the filing of the superior court petition plus the 153 days between the denial of that petition and the filing of the petition in the state appellate court) of the one-year limitations period had passed. Webb next filed a petition in the California Supreme Court, but by the time he filed it on August 10, 2008, the limitations period had already expired and the petition had no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). When he filed his federal petition in this action on December 22, 2008, he was nine months past the deadline.

Webb contends that the 5-month delay between the denial of his petition in the superior court and the filing of his petition in the California Court of Appeal should not be considered an unreasonable delay because it was half that in In re Burdan, 169 Cal. App. 4th 18, 30-31 (Cal. Ct. App. 2008). Burdan held that a 10-month delay between the superior court's denial of a habeas petition challenging a parole denial and the filing of the next petition in California Court of Appeal not to be an unreasonable delay because there was no potential prejudice to the state. This court finds Burdan not to be controlling on the question of timeliness. First, the circumstances under which a state petition is deemed "pending" for purposes of § 2244(d)(2) is a question of federal law rather than state law. Welch v. Carey, 350 F.3d 1079, 1080 (9th Cir. 2003) (en banc). Second, Burdan cannot be sensibly harmonized with U.S. Supreme Court precedent. In Saffold, the Supreme Court had "held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, *i.e.*, that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." Chavis, 546 U.S. at 199-200. Construing Burdan to mean that any delay is reasonable when a petitioner is challenging a parole denial would make California's scheme so unlike that contemplated in

1 Saffold and Chavis that those cases would be stripped of their rationale and purpose. By
2 giving parole habeas petitioners an endless amount of time to pursue the next level of review,
3 Burdan would make California unlike any other jurisdiction. Burdan would prove the
4 assumption Saffold made to be wrong, and make inappropriate the Saffold rule that allows
5 gap tolling for that period of time (expected to be relatively short and in the neighborhood of
6 30 or 60 days) between levels of review. Further, Burdan conflicts with Chavis in that the
7 latter case confronted a 6-month gap between levels of state court review and determined that
8 "an unexplained delay of this magnitude" did not fall within the scope of the word "pending"
9 as interpreted in Saffold. Chavis, 456 U.S. at 201. If six months is too long, Burdan's
10 forever (or even ten months) surely is too long. Third, neither the language of § 2244(d) nor
11 any Supreme Court precedent suggests that the timeliness analysis should differ when it is a
12 parole decision rather than a conviction being attacked. Finally, Burdan's ruling rested on the
13 absence of a showing of prejudice to respondent, but the importation of a prejudice
14 requirement to a statute of limitations analysis would be at odds with the general rule that a
15 statute of limitations (unlike the laches doctrine) usually does not require a showing of
16 prejudice to the defendant or respondent. See generally Telink, Inc. v. United States, 24 F.3d
17 42, 45 (9th Cir. 1994).

18 Having rejected Burdan as controlling the question at hand, the court concludes that
19 Webb does not receive statutory tolling for the 5-month gap between the denial of his habeas
20 petition in the superior court and the filing of his petition in the California Court of Appeal,
21 because he unjustifiably delayed too long in going from one level to the next. See Chavis,
22 546 U.S. at 197 (noting that six months is far longer than the 30 to 60 days that most states
23 provide for filing an appeal, the Court held that an unjustified or unexplained 6-month delay
24 between post-conviction applications in California is not "reasonable" and does not fall
25 within Saffold's definition of the term "pending"); see, e.g., Waldrip v. Hall, 548 F.3d 729,
26 735-36 (9th Cir. 2008) (delay of at least eight months not "reasonable" and thus not subject
27 to tolling); Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (no "gap tolling" during

28

5

delays of 10, 15 and 18 months between California habeas petitions). With these federal cases holding that delays of far less than the delay in <u>Burdan</u> were not reasonable for purposes of determining whether the intervening period between state habeas petitions ought to be considered as falling within <u>Saffold</u>'s definition of pending, it cannot be said that a habeas petitioner – even one challenging a parole denial – can take a lengthy amount of time between state petitions and have continuous statutory tolling of the federal limitations period from start to finish in the state court system. <u>Cf</u>. <u>Ferguson</u>, 321 F.3d at 823 (Oregon's two-year limitation period for the filing of state habeas petitions does not alter the operation of the AEDPA, even though prisoners who take full advantage of the two-year period will forfeit their right to federal habeas review). Webb's contention that his 5-month delay was reasonable because he was unrepresented by counsel is not persuasive because the vast majority of habeas petitioners are unrepresented by counsel; Congress and the courts are aware of that in making and interpreting the statute of limitations. Webb's other contention, that his delay should be excused because unidentified inmates who helped him were unavailable due to transfers or parole at unexplained times, is also unpersuasive due to its utter lack of specificity and evidentiary support. Moreover, he has not explained why he could not prepare his petition himself, especially since the superior court and appellate court petitions apparently raised the same issues and this was at least his second trip through the state habeas process before filing a federal petition, <u>see</u> Order Denying Petition, p. 2, in <u>Webb v. Kane</u>, No. 06-4839 MHP (noting that Webb had filed habeas petitions in the state superior court, appellate court and supreme court before filing his federal petition challenging the 2003 denial of parole).

The limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. <u>Calderon v. United States District Court (Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997), <u>cert. denied</u>, 523 U.S. 1, <u>and cert. denied</u>, 523 U.S. 1061 (1998), <u>overruled in part on other grounds by</u> <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 526 U.S. 1060 (1999). Webb

6

did not argue or demonstrate that there is any reason for equitable tolling in his case. The federal petition was not filed until nine months after the statute of limitations deadline had passed. The petition is barred by the habeas statute of limitations.

**CONCLUSION**

Respondent's motion to dismiss is GRANTED. (Docket # 7.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: January 15, 2010

Marilyn Hall Patel
United States District Judge